The Ordinary.
The complaint against- the order for prosecuting the bond is, that it' was made .without petition ; without any verification of the facts on which it was applied for; without bond to indemnify the ordinary against costs ;• and without its being made to appear that the application for the order was made- at .the instance of any party aggrieved ; and under this last- head' of complaint it was further complained, in argument, that no forfeiture of tie bond was made to appear to the ordinary.- The order was so made: but it was made to appear to- the ordinary, on the application to, him for the order, that the-administrator had failed to. comply with that part of the condition of the bond, which required him to make or cause to be made a just and true account of- his administration within t-welve calender months from the date of the bond. This was, no doubt, the ground on- which the ordinary made the order.
On the application of a proper person, an order for the prosecution of an administration bond may be made on this ground; though the- ordinary might not feel constrained in all cases to make it on this ground alone. New estates are or can be settled within the year; and though the administrator might, and ought, to state an account within the year, as far as he has gone, (see 1 Salk. 316,) yet the omission-to do this is not so serious a dereliction of duty as should constrain- the ordinary, in *97 all cases, to order a prosecution of the bond for that cause alone. In applications founded on that ground alone, the ordinary exercises his discretion. Great vexation and expense might be produced to little purpose, by a prosecution for that cause alone. In this case the ordinary, in the exercise of his discretion, made the order on the ground above stated.
No complaint could be made against the order to prosecute, on the ground that no forfeiture was made to appear. The want of a petition and verification of facts, and of a bond to indemnify him against costs, are not grounds on which the obligors in the bond can come before the ordinary and ask him to vacate his order to prosecute. These were matters for the consideration of the ordinary, on the application for the order to prosecute. It has not been the practice, as far as I can learn, to verify the petition by affidavit.
I am not apprised of the grounds on which the order to prosecute was vacated. The want of a bond of indemnity may have had its influence; but I am not prepared to say it should have been vacated on that ground.
The inquiry in the mind of the ordinary who vacated the order to prosecute, was, no doubt, whether the application for that order was made by a proper person, There is nothing connected with the order to prosecute, to show on whose application it was made, except, the words used in the order itself; “ Upon the request of Felix Handequin, let the administration bond,” &c.; and nothing appears on the papers exhibited to the ordinary on that application, to show who Felix Handequin was.
The application must be made by some person aggrieved. The language of the statute is, that the ordinary may cause the bond to he prosecuted “ at the request of any party aggrieved.” Was it shown to the ordinary, on the application for the order to prosecute, that Handequin was a party grieved ?
A judgment creditor is a party grieved by the failure of the administrator to comply with the conditions of his bond; 13 John. Rep, 437. Is one having only a demand in pais, to be considered a party grieved ? If the non-payment of a demand in pais is no breach of the bond, is the ordinary, without notice to the administrator, (no notice is ever given,) and without knowing or inquiring whether the demand is disputed or not, *98 to consider the party applying for the bond a party aggrieved, merely because he presents a claim against the estate 1 To one tvho is a creditor, or, in the language of Ld. Mansfield in the case in Cowper, to one who has a right, it is ex debito to grant the liberty of suing the bond; to one who has no right, it is ex debito to refuse it.
Now, whether one is a creditor or not, has a right or not, may be the very- question which the administrator insists shall be tried and decided by the judgment of the proper tribunal. The fact’ of there being a forfeiture of the' bond for failure of making an inventory or account; does not decide that the party applying for leave to prosecute the bond is a party grieved. By the language of the act, there must be a forfeiture, and a party aggrieved.
Without being able to say what has been the practice in this respect, if there has been any uniform practice, 1 think lhat, as a general rule, the ordinary should not order the prosecution of the bond, except at. the instance of a judgment creditor; but I am unwilling to say that'this rule should be uniformly adhered to. Much will rest, in these applications, in the discretion of the ordinary. Cases' may be supposed in which, from the nature of the breach, as great lapse of- time without inventory or without accounting, or palpable conversion of the estate by the administrator to his own private use, leaving numerous debts unpaid, the ordinary would act- on the petition of a person claiming to be a creditor, without judgment, on being satisfied of the facts in such way as he' might require.
I have said more than was- necessary for the decision of the question now before me-. The question is, whether the ordinary will now vacate the order of July, 1844, which vacated the original order for prosecution.
The- ground on which I felt and expressed an unwillingness to do so, when the matter was first moved, in the absence of the opposing counsel, was shortly this:—The ordinary first grants the order to prosecute; suit is instituted in the supreme court, and progressed in for a year, more or less. The ordinary then, on application, vacates the-order for prosecution; thus, in effect, asking the supreme court to- dismiss the suit before them. That, court, on the production before them of the vacating order, dia *99 miss the suit. This was done in September term, 1844. The ordinary is now asked to vacate the vacating order, and let the original order for prosecution stand ; to the end that the supreme court may be then asked to restore the suit and permit it to proceed. If the same individual, as ordinary, had made both orders, could he with any propriety make the one now asked? I think not, and counsel on both sides have agreed that the matter is to be settled on that principle.
It struck me when the matter was first moved, as being decidedly better, that a new application for leave to prosecute should be made, and I am still of that opinion.
Motion denied.